UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>DR. BROCK, et al.,<br><br>Defendants. | Case No. 15-cv-03336-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from constitutional violations that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. He alleges a claim of deliberate indifference to medical needs against two SVSP psychologists stemming from inadequate mental health treatment in September of 2013. Dkt. 1 at 3.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff has named SVSP Psychologists Brock and Mhan. Plaintiff seeks injunctive relief and monetary damages.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

### A. Injunctive Relief

The threshold question presented is whether the Court has jurisdiction to consider Plaintiff's claims for injunctive relief, in light of his transfer from SVSP to CSP-Sacramento. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Here, Plaintiff's transfer from SVSP to CSP-Sacramento renders moot his claims for injunctive relief. Therefore, the Court DISMISSES Plaintiff's claim for injunctive relief.

### B. Monetary Damages – Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or

the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff claims that on August 23, 2013, he attempted suicide and was "sent to the crisis bed" area for eleven days. Dkt. 1 at 3. However, Plaintiff alleges Defendants Brock and Mhan kept trying to discharge him, only to have him return after attempting to commit suicide on two more occasions after being discharged on September 3 and 4, 2013. Plaintiff claims that these Defendants "purposely discharged [him] wrongfully because they needed more room for other inmates that were suicidal." *Id.* Liberally construed, Plaintiff's aforementioned allegations that Defendants Brock and Mhan failed to provide adequate mental health treatment state a cognizable deliberate indifference claim. Accordingly, this claim may proceed against these Defendants.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED as moot.

2. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Brock and Mhan.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants: **SVSP Psychologists Brock and Mhan.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the

3

waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

       5.       Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

       a.       No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1   the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
2   unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the
3   complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary
4   judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to
5   Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.
6   *Id.* But if material facts are disputed, summary judgment should be denied and the district judge
7   rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

8   If Defendants are of the opinion that this case cannot be resolved by summary judgment,
9   Defendants shall so inform the Court prior to the date the summary judgment motion is due. All
10  papers filed with the Court shall be promptly served on Plaintiff.

11  b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
12  and served on Defendants no later than **twenty-eight (28) days** after the date on which
13  Defendants' motion is filed.

14  c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of
15  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
16  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
17  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
18  any fact that would affect the result of your case, the party who asked for summary judgment is
19  entitled to judgment as a matter of law, which will end your case. When a party you are suing
20  makes a motion for summary judgment that is properly supported by declarations (or other sworn
21  testimony), you cannot simply rely on what your complaint says. Instead, you must set out
22  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
23  as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and
24  documents and show that there is a genuine issue of material fact for trial. If you do not submit
25  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
26  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
27  F.3d at 962-63.

28  Plaintiff also is advised that—in the rare event that Defendants argue that the failure to

exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.    All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

1 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
2 while an action is pending must promptly file a notice of change of address specifying the new
3 address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
4 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
5 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
6 *se* party indicating a current address. *See* L.R. 3-11(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: January 12. 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California